NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 28 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HAROLD DAVIS,

Plaintiff-Appellant,

v.

PENSION TRUST FUND FOR
OPERATING ENGINEERS and BOARD
OF TRUSTEES OF THE PENSION
TRUST FUND FOR OPERATING
ENGINEERS LOCAL NO. 3,

Defendants-Appellees.

No.   15-17212

D.C. No. 3:14-cv-00853-JSC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted July 12, 2017
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and ROBRENO,** District Judge.

Harold Davis appeals the district court's grant of summary judgment for

defendants in his action under the Employee Retirement Income Security Act of

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1974 (ERISA). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

The Pension Plan for the Pension Trust Fund for Operating Engineers (the Plan) as written would entitle Davis to three different levels of disability retirement benefits, which makes it ambiguous. K*ennewick Irrigation Dist. v. United States*, 880 F.2d 1018, 1032 (9th Cir. 1989) ("A contract is ambiguous if reasonable people could find its terms susceptible to more than one interpretation."). Section 3.16 of the Plan specifies that a participant is entitled to only one benefit, making the Plan, as written, also ambiguous because it is internally inconsistent. *See Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.*, 293 F.3d 1139, 1145 (9th Cir. 2002).

Section 9.03 of the Plan reserved for the Board of Trustees the right to interpret it. Because the Plan was ambiguous as to the size of the disability retirement pension to which Davis was entitled, the Trustees properly looked to extrinsic evidence to clarify this ambiguity. The plan summary provided to plan participants, minutes of a Board of Trustees meeting, and communications from the Plan consultant to the Board support the Trustees' interpretation that Davis should be entitled only to a pension based on the actuarial equivalent standard. Because the extrinsic evidence offers a strong basis for the Trustees' interpretation of the ambiguous provisions of the Plan and because Davis has not identified any contrary evidence, it cannot be said that the Trustees' interpretation was "not

2

grounded on any reasonable basis." *Tapley v. Locals 302 & 612 of the Int'l Union of Operating Engineers-Employers Constr. Indus. Ret. Plan*, 728 F.3d 1134, 1139-40 (9th Cir 2013). As such, the Trustees' interpretation must be affirmed as a proper exercise of their discretion. *Id*.

Davis has failed to establish two of the seven required elements to recover benefits on an equitable estoppel theory under ERISA. *See Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 955-58 (9th Cir. 2014). First, Davis has not established that the Trustees misrepresented the terms of the Plan. *Id*. at 955. Rather, the Plan's terms, as written, were ambiguous and the representation the Trustees made in the plan summary was in fact consistent with the disability retirement pension eventually awarded to Davis. Second, Davis has not established "extraordinary circumstances." *Id*. at 956-57. Specifically, Davis makes no argument and presents no evidence that the Trustees sought to profit at the expense of plan participants on the basis of this ambiguity, that the Trustees made repeated misrepresentations over time, or that Davis is particularly vulnerable. *Id*.

**AFFIRMED**.